Case number 24-5089, Bing Rae Sealed Case. Mr. Holtzblatt for the appellant, Mr. Lenners for the appellate. May it please the court, Ari Holtzblatt for X. The district court committed two errors. Its omnibus non-disclosure order defies 18 U.S.C. 2705B in the First Amendment and the court violated due process by adjudicating X's challenge to the order based on ex parte materials. The government's 11th hour disclosure of the delegating order underscores both errors. The order was withheld even though it contains nothing requiring secrecy. And now that we have it, we've learned that it applies to any subpoena issued for the account of any user on any platform in this entire investigation for an entire year and that it empowers the government, not the court, to determine whether disclosing a specific subpoena will result in a statutory harm. That's unlawful. Section 2705B requires the court to make that assessment, not the government. And it requires the court to assess non-disclosure for specific subpoenas, not hypothetical ones. Now that's clear first from the text of the statute, which says the court orders non-disclosure if, quote, it, meaning the court, determines that statutory harms will result from disclosing, quote, the subpoena. The language tells us who needs to make the assessment, the court, not the government, and what needs to be assessed, the subpoena, which means a document that is particular in existence, not hypothetical. Now there are other cues from the statutory scheme. If we compare this to other statutory schemes, 2705A and 2709, for example, allow the government alone to demand non-disclosure. The Wiretap Act bars disclosure for all wiretaps out of recognition that informing the target of a wiretap will always impede its effectiveness. Are those other statutes violating the First Amendment? They do not, Your Honor. I don't know that they do because, and I think the Wiretap Act is a good example. Is there a First Amendment argument here? Treat them as prior restraints? You made a First Amendment argument here separate from your statutory argument. Yes, I think they would, I think, for example, the Wiretap Act would be a prior restraint. It would have to satisfy strict scrutiny. I think it could, and the reason is because the informing the target of a wiretap is always going to impede its effectiveness. If someone knows their phone is tapped, then they're going to change the way they speak on the phone, and so a categorical judgment serves the compelling interest that the government has. That's not the case. In fact, Congress made that judgment. That's not the case in Rule 6, where witnesses generally are permitted to speak about the fact that they've received process, and it's not true in 2705, which serves a very important, 2705B is serving very important purposes, which is balancing the intrusion on the rights both of the provider and of the users against the government's, what may be the government's compelling need in particular circumstances, and so I think where the statutory scheme is serving a different purpose, it's going to operate in a different way, and the First Amendment interest will play out differently. On the statutory question, I just want to understand, there's a several factors I think you listed that, in your view, make this NDO improper, and one of them is just that there's no specific subpoena in it, so just to understand the contours of that, imagine if the government came forward to the judge and said, in about a month, we're going to get one specific subpoena getting, but it's a very specific, they can describe it at the time. Can't a judge in that situation make the determination the statute requires, there's reason to believe disclosing that subpoena will cause a listed harm, or is it, so I'm trying to, I understand, is it enough, or is it something else? So there's two points I'd like to make about that, your honor. So the first is that even if, and I'll address your honor's hypothetical, but even if that were the case, it would not justify delegating order in this case, because it's far broader. Okay, so but with respect to your honor's hypothetical, I still think it wouldn't be, we don't think that's the best reading of the statute, and I want to explain why, which is that facts change, circumstances change. A concern that a target may destroy evidence or intimidate a witness or flee might be true if the target is on the loose, and if they've been arrested, it would no longer be true. It may be true if the investigation is covert, it may no longer be true if the target has been indicted. What's the difference on that, in that respect, from any NDO? Because the court is always making a judgment that not only it might be next week before they serve the subpoena, but they're also deciding an amount of time for which the subpoena can't be disclosed. And at least in some respect, there's always something forward-looking and predictive about what the court is doing, isn't there? I think that's true, your honor, but there, but I do think that the statute, I mean, I think this text of the statute strikes the balance as to the way this is supposed to work. So I suppose the scheme could say, the government can come in and say, we want a general non-disclosure regime for this investigation. I think that's basically what the not delegating order is here, and then we're going to leave it to the court, to the government to make assessments on a subpoena basis. That's not, I think, the answer the statute provides. The answer the statute provides is, it says, ex ante, you have to come in with particular, you know, the subpoena with particular legal process and make that assessment in advance. And it's true that there will be contexts where there's some future-oriented look. In fact, I think that generally that's why now NDOs have to be time-limited, but I think the more we particularize it, the more we make it in advance, the more it makes sense. And I think the statutory context reinforces this. So 2705B applies not just to subpoenas, but it also applies to warrants and to de-orders. With respect to warrants and de-orders, the government... A de-order? It's an order that's authorized under 2703D of the statute. I'm sorry, I should not have used the language. So there are three types of legal process that are available under the Store Communications Act. A subpoena, the government can issue by itself, but the 2703D order and a warrant, the government has to come to the court to seek authorization, and so naturally the government seeks non-disclosure with respect to a particular instrument at the same time. And I think it's natural to read 2705B as working the same way for all three types of legal process that are covered by the statute. And there's good reason for this. The purposes that are being served by the statute is to permit non-disclosure, yes, in a narrow set of circumstances, but Congress is recognizing that this is impacting the rights of providers and users. Again, the non-disclosure is orders of prior restraint. It impedes the rights of the provider, but it also impacts the rights of the user, because if they don't know about the subpoena, they're unable to protect... I'm not sure you're in the shoes to speak for them, or any injury to them. I think it matters for how we read 2705B, specifically speaking about 2705, and it says one of the purposes of section 2705 is to provide users confidence that they would have an opportunity to protect their own rights. They lose that opportunity to protect their own rights if the provider is not permitted to disclose that they've received that subpoena, and so I think it's important that when we construe the statutory text, we're not suggesting that we have standing to assert the rights of the users, but in construing the statutory text, I think it matters what Congress's purposes were with the statute. So, on Judge Garcia's question, the government went to court and said, we've got a grand jury engaged in a very, very confidential, but very intense investigation, and we are going to have to issue 20 subpoenas, and we're going to do it in the next two weeks, and then gives a general description, obviously, to support what those subpoenas are, and they cannot be disclosed. This is a grand jury. Disclosure will reveal the existence of a grand jury and the direction of a grand jury, and witnesses and or targets. You're one or the other. You're seeing one of these of the grand jury. So, uniformly across the board, that's going to happen in these cases, and we've got this list of subpoenas we're going to have to issue. Would that be permissible under the statute? If not, when the text forecloses that? So, I think, again, that's not what the delegating order does here, but I think if the government has this 20 subpoenas, and it knows which providers and for which accounts and for which users, then it can attach those subpoenas to the fine, and the court may disagree. The court may disagree that, you know, it's sufficient if you just provide a description of every meet-and-bound of the subpoena without actually stapling the subpoena to the application. That's not my read of the statute, but the court may well disagree with my read of the statute. I do think you have to have described who the account is, who the user is, who the platform is, when it's being served, and why the statutory factors are satisfied with respect to the statute. Well, the statute requires that the subpoena, that the disclosure of the subpoena, will result in the statutory harms. I think that if the subpoena is being served 364 days from now, I think that predictive judgment is challenging. Let me ask you, counsel, then, following up on your response to Judge Millett's question, what is your criticism, then, of the district court's analysis here, saying that taking the order that is now moot by characterizing what information was provided to the magistrate judge, it could have been done in a way that didn't disclose the type of detail that you are suggesting is desirable, but it was sufficient to meet the statutory requirement and the court went through that sort of step-by-step. He dismissed your, you know, article argument and focused on one of the points here about who decides. But I need to understand exactly what your criticism, legal criticism, is of that approach to an omnibus order. Your Honor, I think what matters is the breadth of the order. This particular order applies to any subpoena issued for the account of any user. No, I'm with Judge Millett. All right, she's narrowed it down to 20. All right, the district court was talking about two, so I'm just trying to understand. The district court took the position it didn't adopt the interpretation of the statute you were reading, that anything with less particularity would fail, either as a matter of statute or constitutional law. I understood that the district court to have said that the order, that the omnibus order that is reflected at supplemental appendix 1 to 2 is consistent with the statute in the First Amendment. That the omnibus order that is found in supplemental appendix 1 to 2, and we didn't argue this to the district court because this order was not disclosed to us until the red brief on appeal, that order is not limited to a subpoena that was issued to ask for the particular accounts in this case. That order lasts for an entire year. It covers the entire investigation. It covers any account on any platform. No, no, that's why I'm asking you to give us your argument now that you see this order. You know, the district court says these things are being issued all over the country, and I understand maybe not so far approved other than maybe in one of our earlier cases, but he talks about you have a situation that identifies the specific category of providers. You recall that, correct? The specific category of subpoenas describing the particular legal process and with, to be used only with the same set of facts. I'm just trying to understand how far your argument goes. Well, yes, Your Honor. I think what we're looking at is on the supplemental appendix, page 2, these are the facts that are listed, the supposed limits. This is in paragraph 5. The only specific facts that are identified is that the subpoena is part of the government's investigation, that's the entire investigation, that the account is covered by the Historic Communication Act, so that's the entire statute, that the account is relevant to the investigation, again, that's the entire investigation, and it's a subpoena, that's any type of subpoena, and, quote, the disclosure of the existence of the subpoena would result in potential targets attempting to evade apprehension or destroy or encrypt evidence or otherwise seriously jeopardizing the investigation. I understand that, counsel, but help me here, and maybe you just don't want to answer this question. When the district court looked at this, he said, you know, he wasn't going to deal with hypothetical facts, hypothetical subpoenas, but take as a template the order that was issued in this case. He at least suggested not that the one that you're looking at now and that we're looking at now, but this is not a categorical decision, that there could be an omnibus order that would meet the statutory requirements as set forth by Congress. Well, Your Honor, I guess, I'm sorry if I'm not answering the question, but what I understood the district court to have said is that this order, which I just quoted, complies with the statute in the First Amendment, and I think there are two problems with that. The first is that the last language I read, those are the 2705B statutory factors, so the way that this order is working, it is saying not that the court is assessing those factors, it's saying the government is going to assess those factors. The text of the statute says it, the court, has to determine that those factors are satisfied. Of course, but I thought Judge Millett's question was trying to get you to respond to the notion that the government files a request that lists 20 targets, that lists 20 parties like your client, and it is a year, but it's very clear what the government is focusing on. So, Your Honor, I think that would not be this order or this case, and I think we would disagree that that would be authorized under the statute because we think the statute requires that the subpoenas be in existence at the time that the assessment is made, but even if the court disagrees with me about that, I think we would still need to reverse here because of the language that I just read, which actually assigned the task of evaluating the factors not to the court, but to the... Yes, no, I understand that argument, yes. I just wanted to clarify one thing. It seemed, I think this is right, but your position doesn't really have anything to do with it being multiple subpoenas. If there were 50 subpoenas in hand, they could come and get a single order, at least on your reading of the statute. Yeah, I agree, Your Honor. The two restrictions that I'm identifying are the court, not the government, needs to make the assessment, the subpoenas need to be particular and exist. If you can do that with more than one subpoena. Can I I guess I'm not sure that our challenge has ever been anything other than as applied, but we, but it was, but I agree that our challenge is about the omnibus order which authorized the NDO that was issued in this case. No, if we agreed with you that this order is not authorized under the statute, would there be any reason to address any other issue in the case, including this ex parte issue? Thank you. I realize I'm over time, so I apologize for that, but I'll obviously answer your question. I think there, I suppose there wouldn't if the government, in answer to your question, says if we lose we will not seek a hearing and we will not petition for certiorari. I'd be surprised if my friend is able to make that representation, but I think the litigation is ongoing and as we've already learned from the presentation in the briefing in this case, some of what has been held ex parte bears on the statutory questions that we've been debating and I would be, it's actually why we have a pending, I think it was referred to the panel, we have there's a pending motion regarding the ex parte materials where I think our position is even stronger now that facts have changed in the case than it was even in the district court. I guess my question is because your access to the ex parte evidence is not, you know, it's not a FOIA case, it's not disclosure for disclosure's sake. You want and you move for access to that evidence so you could challenge the order and so it strikes me that, you know, if our judgment said, this gets a little bit weird because the case is moved, but you know reversed, you win. I don't think a court would ever issue a judgment that also says and even if not we would remand for consideration of the ex parte evidence. So I don't want to, I would love to win on our first issue, I agree. I do think there's two reasons and if that's the judgment of the court, I understand that, but I would, right, to give FIFTA about something that's not an alternative holding. Well, so I, sort of a lesser fallback argument. So I guess I agree, I can see where the court's coming from. I'll tell you two reasons why for counter consideration. So number one, it appears to me, I can't fully answer this question, but does appear to me that there are materials within the ex parte materials that may bear on the statutory question and if the litigation were to continue on bond or on certory, I would not want to be disabled from addressing those arguments by having access to those materials. The second is, as your Honor noted, both, you know, that we are incapable of repetition in evading review land already and so I don't think we would be exactly an advisory opinion. I think we, the mootness issue is the mootness issue, but I understand the court's perspective. Would the court like me to address the ex parte issue as well? I know I'm well over my time. I still have some more questions about the statutory argument and that is, if the government were to come in, so it's hypothetical, so you don't have to decide if this is this one or not, but were to come in and say, grand jury, press of time, very urgent here, and we are going to be issuing dozens of subpoenas every week and they will go to one of the statutory providers here, but we still haven't figured out exactly which ones, but it will be, and you can issue that, you can limit the order to those that are statutory qualifying providers and we will agree to the time limit and, but your Honor, for efficiency reasons, here's our argument as to why a non-disclosure order will be required in every one of those cases, because this is a grand jury and disclosure of a grand jury, the fact of a subpoena issuing, will, in all of those cases, reveal the existence of the grand jury and will reveal target and or witness for the grand jury and direction of the grand jury's investigation. Obviously, if for some reason the grand jury stops working, we of course will not come back with any more subpoenas, so it will be a non-issue, but you're gonna, if the order is going to look exactly the same as the non-disclosure order, it'll be, it'll be a common one that you'll issue in every case, the findings will be the same, because that is the nature of grand jury operations or this grand jury's operations. That is the nature of them. You just can't be revealing this stuff while they're underway. I don't care if a witness says something later, there will be no official governmental recognition of the existence of this grand jury, its operations, its targets, its witnesses, and the course of its investigation. Why can't a court, if as long as the court makes a judgment up front that any subpoenas issued in the next year, I'm either gonna want to issue it on day 364 since it'll be disclosed on day 365 or 366, but any just any subpoena issued as part of this grand jury, grand jury number doing the grand jury investigation against statutorily authorized providers is going to present the exact same harm each and every time. So it's not transferring the decision to them. The judge has made the harm finding. The judge has said only statutorily authorized providers, and the judge has said what the time limit is. What is, I don't see anything in the statutory text that forecloses that, and what is wrong with that? So your honor, efficiency is not one of the five statutory factors under 2705. I'm told you they've made the qualifying statutory findings about, it's going to imperil a grand jury investigation. That's what I meant by exposing the existence of it, the direction, the targets, the witnesses. Well, your honor, I think it's, so I don't think that's what the, I don't think that's the statutory scheme. The statutory scheme says the court needs to assess the particular subpoena, and that requires, well even if the court doesn't buy the argument, it does require the court itself be the one to make the assessment, and I think the fact... I'm telling you, the court has made the assessment, it's just made it in advance, because nothing is going to change. It is a common, I take this to be sort of the district court's rationale, it's going to be the same harm will exist in every one of these, as long as it's this grand jury with this investigation, but I'm going to give you a time limit. Well, your honor, I'd like to make two observations. The first is that that's actually not even how rule six works. So rule six, with respect to... So I think that the notion that a witness discovering that there's a grand jury somehow automatically impedes the investigation is actually inconsistent with how rule six works, and so I think it's problematic in that regard. And the second point I'd like to make, your honor, is that I think... The witness can come out and say, I got something, at which point you have no value in telling them anything, right? There's no reason for you to be telling them. They're gonna find out that they've been the target of this, and all they have revealed to the public is that. And they may be true, they may be lying, but we, you know, witnesses say things all the time, and we don't just draw back the curtain on the grand jury. Or it's direction, or it's investigation of who else is getting targeted, that doesn't open the door to this information. That's true. And this is all going to be pre-witnesses receiving anything. That's right, your honor, but actually as a witness, as a grand jury witness, in this context, and so what I'm saying, your honor, is that the mere fact that people learn of the grand jury investigation is not automatically statutory factors under 2705B, and I think an example would help. They learn that someone has said, some private person has said, there's a grand jury, and they asked me for something. That's all they learn. That's not... You want to go talk to the witnesses themselves, to the targets of the subpoenas themselves. Well, your honor, I think that's... Or they know anything. Well, your honor, an example I think would help illustrate this, which is the breadth of the delegating order, in this case, is not limited to accounts of targets. It's for any account. So let me give your honor an example. It's for any targets or witnesses. Or anyone. So, your honor, anyone's account. So let me give your honor... Whatever the standard is for a grand jury, it's going to have to have a plausible relationship to whatever their investigation is. That's right, it has to be relevant to the investigation. So, your honor, an example, I think, would help illustrate this. Imagine that the government comes to the court and says, if the target of the investigation learns of this investigation, then they will destroy evidence that they may flee. And so, if that might justify a non-disclosure order for the account of the target. Now, let's imagine, your honor, that the government is seeking account information about your account, and you're not the target of the investigation. If you were informed by X that a subpoena had been issued for information about your account, it would not automatically tell you. There's nothing on the cover of the subpoena that tells you it's an investigation into me, and there's nothing about that that automatically says that you will tell me. And so, the rationale for having non-disclosure for a subpoena into my account, the target, is necessarily different than the rationale for non-disclosure as to you. But it's the one that's constant across these, and that is seriously impede the investigation. I forget the exact statutory phrase, but seriously interfere with the investigation. But more facts. By revealing to me that I've received this, that my account received the subpoena, that there is some grand jury that's somehow interested in me, and there's some direction, and if you reveal that one, and you reveal that one, and you reveal that one, and you reveal that one, and you reveal that one, you say you get what, hundreds of these a week or a month? That's right. And I'm going to reveal all of these and say, you know, I got these under this grand jury. You're going to reveal the exact mosaic of the investigation. But, Your Honor, the notion that the recipient can be trusted to discern when it's safe to release one or the other, I think it's fair for a judge up front to say we just aren't going to have that happen. Well, it's not, the recipient shouldn't be making that judgment, and the government shouldn't be making that judgment. The court needs to, but the court, but the analysis... I can't do it up front and say it's the nature of this grand jury's proceeding. Because, well... That's not enough of an answer. Well, it can't, because otherwise that would prove far too much. The statute is supposed to be, the same house report that I pointed Your Honor to says that the nondisclosure orders are supposed to be provided in, quote, a narrow set of circumstances. If just revealing the fact of a grand jury without knowing, if Your Honor, if you're told that there was a subpoena for your account, you have no idea necessarily, you might, but you have no idea that it's an investigation into me. And so the government, to justify nondisclosure for the second subpoena... I know it's an investigation that I'm somehow now related to. That's not enough, Your Honor. The statute requires more than that. If the statute was satisfied simply by learning that there was a grand jury investigation, then it would radically... Someone that it's interested in, either as a witness or a target. That would radically transform the statute. The statute is supposed to be limited to circumstances where there's a reason to believe that the person who will learn of the subpoena will impede the investigation. You're going to need specific facts. If you start telling everybody, there's a lot more information that's leaked out there. It's not as though you're just going to come tell me. You're going to tell every single person. That's your First Amendment claim, to tell it to everybody, and that you're saying the statute allows you to tell it to every single person when you get hundreds of these. The government needs to actually show that with evidence that that problem would exist. Now, there may be circumstances where that's true, and there's others where it's not. My proposition, which is the premise of the statutory scheme, is that this is a serious intrusion on both the rights of providers and on the rights of users. The purpose of this statute was to ensure that the government could obtain nondisclosure when it was truly necessary under the limited statutory factors that are listed, but also to balance that against the intrusion that it's placing on providers who are facing a prior restraint and on users who are losing their opportunity to protect their own rights. The reason I'm trying to explain that the circumstances may differ depending on whose account is at issue, depending on the factual circumstances when the disclosure occurs, whether someone has been arrested by that point, or there has been a publicity around the investigation, is because the facts that are particular to the subpoena matter to the assessment the court needs to make that the statute requires. I assume these nondisclosure orders can go be attached assuming the appropriate statutory showing is made. The subpoena is coming from any corner of the government, right? The nondisclosure order needs to be issued by the court on application by the government. The subpoenas to which they could attach could come from all manner of investigatory, civil or criminal investigatory. I believe that's correct. Right. And so my question is focused very narrowly, as the district court did here, on the subset. And so it's not empty in the statute to say that there are particular categories of investigative activities in which uniformly the harms will be implicated. And if, and I understand you're saying you don't think that's accurate, but if it were at that uniformly the disclosure of grand jury subpoenas would impair, if just to say, I've heard your arguments as to why am I not, but if we get past that and say, if we were to conclude that uniformly disclosure of grand jury subpoenas would seriously interfere with the grand jury investigation, if we found that, then would there still be a statutory problem with the district court? The district court needs to find and understand your arguments. This is hypothetical, be clear. No, I, so again, I don't think that would justify the nondisclosure order in this case. I actually, you know, I'm not actually certain and I want to, I want to withdraw my prior statement. I actually need to confirm the question of whether the subpoenas could be beyond use in a criminal prosecution. But I do think that this would not have to be grand jury. The paradigmatic use of 2703 is in service of grand jury investigation. And I think it would be at odds with the statutory language, which speaks of endangering the life or physical safety of individual flight from prosecution, destruction or tampering with evidence, intimidation of potential witnesses. Those are the catch all about seriously jeopardizing an investigation or unduly delaying a trial. All of these are about criminal investigation. And the first four in the list are about very serious intrusions. Destruction of evidence can also happen with civil enforcement cases. Your Honor, this statute is intended to deal with criminal investigations. And the first four items in the list, I think, dictate the degree of seriousness of intrusion on the investigation. We're talking about endangering the life or physical safety, flight from prosecution, destruction or tampering with evidence, intimidation of a potential witness, and then seriously jeopardizing. So the fact that there may be some. Yeah, I understand that it is inconvenient, just as with any witness to a grand jury, that there is some information that may be disclosed. But that is not that is not consistent with Congress's judgment that this should be available only in a, quote, narrow set of circumstances. And I may just be right. I'm really asking the question about how broadly this thing applies. So maybe it's just criminal matters. And if it's. The legislative history show that it's really only about grand juries. So I don't have an answer to your question, but I what I what I can say is that even I think the kind of categorical judgment that your honor is describing is not consistent with the statutory text or context, which speaks about the court making assessment with respect to a particular subpoena. And I don't think that the ability to make categorical judgments, as your honor is describing, would be consistent with the concerns that Congress had to protect the rights of providers and and users. But and I also certainly don't think it would justify the nondisclosure order, the delegating order in this particular context. But your honor, even setting that all aside, even in the context of a grand jury investigation, there are significant circumstances that can change the investigation that the target of the investigation can be indicted. The target can die. The target may be arrested. And so they are no longer at risk of intimidating witnesses or flight. And so even setting aside, even if the court believes that every grand jury investigation would be revealing any grand jury investigation. What does that mean? So if the person's indicted, grand jury is not going to issue any more subpoenas with nondisclosure orders, with an omnibus nondisclosure order attached to them after that moment in time. I wish that were so, your honor. That is not the case. So you're saying one person might be indicted, but maybe others that are still being investigated. No, even even after a particular individual is indicted, the government may continue to investigate them. But does the grand jury continue? The grand jury may continue. A different grand jury may continue into the same individual. It may be the same course of conduct. It may be the same. This really is just my ignorance. I would have thought once the grand jury indicted a person for a particular crime, the grand jury would no longer investigate that person for that particular crime. The work of the work of any grand jury may continue into the same course of conduct with respect to the same target. And we have this is not hypothetical. We have lots of experience with that. Because there's other people are interested in or other crimes that that person may have committed. But as to that crime. That's right. But once that individual has if it's if it is a crime as a part of a general course of conduct, once the that individual has been indicted, they know that they are now the subject of governmental investigation. And even if the even if the government could still at that point justify a nondisclosure order, the analysis is different. The assessment is different because now the court needs to assess the factual circumstance in light of the fact that it's different. Are they going to come back and make the same showing? They're going to say, look, this grand jury is not done. But we are still looking for compatriots or co-defendants or conspirators. We are still looking for haters and the betters. We don't think this may be all the crimes this person did. And so the last person we want to know is that the people that we are still probing to let them know that we're still working. I think it's going to be the same thing. That's going to seriously interfere with the ongoing law enforcement grand jury part of the investigation. So, your honor, I think even then the assessment would be different. But even the justice manual, that's not what the that's not what the justice manual says. I mean, even the justice manual, the Department of Justice, pay any attention to that. Well, I think it bears on the plausibility of of whether or not the twenty seven or five, the assessment changes depending on the factual context. And so the Department of Justice itself says that as an investigation becomes more public, the justification for a nondisclosure order diminishes. So that's exactly the example I'm providing, your honor, as we're trying to explore is. Why you think the statute is inconsistent with what I'm going to call a very particularized order that's anonymous. So. The subpoena doesn't name the person, but the government is doing this massive investigation and you probably know much better than I. I mean, the government's always doing massive investigations and we rarely hear about them and they rarely become public because a lot of them don't result in any indictment or legal process that becomes public. I mean, that's the very nature of the grand jury. So I don't know how we can view Congress have to have sort of written a statute saying we're changing the nature of the government's ability to investigate through the grand jury subject to certain limitations. But I hear you basically making an argument that I really don't see in the legislative history you cited us to. Even if there's a stray comment here or there, and now you're asking us to. In this case that troubles me about this capable of repetition yet evading review. I mean, one of the concerns I had in the beginning is how are we supposed to make some judgments about things we don't know. And yet this statute is written with the protection you emphasize that a judicial officer, a judge, has to approve this omnibus order. And I think what Judge Millett is doing so much better than I is trying to explore with you just how far you're going to take this. Because what I hear you saying is, you know, unless you and I don't mean this in a negative way, but unless you and your clients are informed, nothing can happen in the way of criminal investigations. Well, Your Honor, I think we have a separate argument about our access to the ex parte materials, which I think is concerning. Right, I understand that. And I'm happy to address that if that's Your Honor's question. But with respect to the statute itself, I think the question before the court is actually limited to what appears on supplemental appendix pages one to two. This is the omnibus order that the magistrate judge authorized. And that omnibus order in Paragraph 5, Romanette 3 says- I think, counsel, what our questions are getting at, and I can't speak for my colleagues, is we don't want to write something that goes beyond what is necessary to decide this case. If, indeed, we have jurisdiction under the capable of repetition yet evading review doctrine. Yes, Your Honor, maybe I could- I think the court could decide this case in perhaps the narrowest way the court could decide this case would be to say, in this case, the government obtained an omnibus order that specifically told the government that it was going to make the judgment that the statute assigns to the court. That's what appears on supplemental appendix two, Paragraph 5, Romanette 3. And I think that cannot- there is no way that an order which says, we're making a judgment over this investigation as a whole, and now you, after the fact, the government are going to make those judgments, not the court, that that can be squared with the statute. We've taken- we believe the statute requires more than that. I understand that, from Your Honor's questions, that you- I may not have persuaded you. But I do think that, with respect to the assignment of who has to make this judgment, the fact that the order in this case itself says that the government is going to be the one making that judgment for the course of the entire year, for the whole investigation, for any subpoena as to any account, cannot be squared with the statute. Now, Your Honor, you also asked about capable of repetition. I did, but let me just be clear. When I ask questions, I'm not saying this is the way I think about an issue. I am trying to understand the issue and get counsel's perspective. That's all. I appreciate that, Your Honor. And the example that I've tried to provide of why the facts and circumstances may change between different subpoenas or different points in time is how I've tried to answer Your Honor's questions about why the- even setting aside the statutory text, why it's critical that there be a subpoena-specific determination. Because what was true for one subpoena as to one account is not necessarily true for a different subpoena for a different account. And what was true at time one is not necessarily true at time two. And even if the ultimate conclusion still is the same, the assessment is different. And because the statute assigned the assessment to the court, it is important that when the facts and circumstances change, that those different facts and circumstances be able to be presented to the court so the court can still make that assessment. Counsel, I appreciate you've already given this answer, but I just want to make sure I have it. As to what are the material circumstances that could change between time one and time two, I have things like the targets could be taken into custody, which would mean they're less able to destroy evidence, or they could find out in another way somehow about the scope of the investigation. What are the- what else was on your list? So the evidence might- the concerning evidence might be preserved. So there actually is authority under the Storage Communications Act to demand preservation of certain evidence. The target of the investigation may die. I wish it weren't the case, but we have had circumstances where the government has obtained a nondisclosure order about an investigation into a deceased individual. So there are all sorts of circumstances that may change. And, of course, as I explained, I think the nature of the account may matter. If the account at issue is the target, then the considerations are going to be different than if the account is someone who's not the target. And, again, the ultimate conclusion may be the same, but the factual sinew that connects the request to the conclusion, I think, may differ. I've used a lot of the court- Sorry. You'll bear with us. Right. Well, I do-  Yeah, the court- your honors have asked about the ex parte question and also about capable repetition. If I can address those questions, I also can address more about the statute if the court has other questions. I want to make sure to answer all your questions. I appreciate that. I'm trying to have a- So, for now, we have an as-applied challenge to this particular nondisclosure order. How do we know that this one is capable of repetition as opposed to ones that have- that sort of some of the hypotheticals that we've been posing? Well, first, because the government has told us. I mean, in the government's brief, it said, we're going to do the same thing with the same order. And so, that's as good a capable repetition, I think, as you could ask for. And we're clear. Maybe the other ones had better answer this, but they will have the exact type of content here and nothing more. Well, hopefully not, because I hope the court will rule in our favor. But they have said, we will pursue the same omnibus order. And so, I think it's capable of repetition in that sense. I think there's other reasons for that. Okay, go ahead with the other reasons, because what counts as omnibus order is a little confusing to me as content. That's fair, Your Honor. This is under seal, so I'll speak at the highest level of generality. But in the district court, the government cited to several other dockets where they said, we are using omnibus orders as well. I will tell you from experience that that is- the practice is even more capacious, not less capacious, than we have here. Now, we asked, actually in the district court, we asked the government to give us the actual orders that they had cited in their brief. They said, these are examples of omnibus orders. We said to the government, you're citing these examples in support of your legal argument. We'd like to see them so that we can understand and respond to them. The government refused to give them to us. I think that's emblematic of the broader ex parte problem that's presented here. But certainly, there appear to be other examples by the description of the government and our own experience that resemble this. The particular- what I pointed the court to at pages one and two of the supplemental appendix is nothing I've seen before, because we, the providers, don't usually get the authorizing order. We just get the omnibus order itself. And if the court is concerned about this, truly concerned about it, I think that perhaps the solution is to order the government to give us and the court examples. In its brief, it says, this order is illustrative, referring to the order you're talking about. So I would think that's enough to show that this dispute will repeat such that we can resolve. I think that is my main submission. I also- the capable repetition issue was presented in our case last term or last year around the Trump-Warren case. And that's maybe illustrative here. The government in that case argued, well, we're never going to seek the former president's Twitter account again. And so it's not capable of repetition, innovating review. And this court rejected that argument and said, no, no, there's going to be circumstances where the government is going to seek user information, and X is going to object to that. And there may be users' rights at stake, and that makes it capable of repetition, innovating review. I think that's the level of generality that makes this capable of repetition, innovating review. I have some questions about First Amendment, but I want to make sure my colleagues don't have questions on the other issues. Just some questions about the ex parte issue. I guess the fundamental one is one of the best cases for the government, at least seemingly, is this Malario case. And I don't know if you're familiar with that, but it resolves a First Amendment claim adversely to a plaintiff based on ex parte evidence. And it's because the evidence was protected by state secrets privilege. And so there are security concerns there, grand jury concerns here. I'm just wondering how at all you would have us distinguish that case. Sure. So I think the test is the same. The test is there have to be extraordinary circumstances, and there has to be a compelling interest. And maybe most important, there have to be, for purposes here and maybe for distinguishing your Honor's example, the amount withheld has to be the minimum necessary to actually serve that compelling interest. And so I think that you could, that doesn't mean that it's impossible to have a case where you could, the government could have a state secrets basis to decide the merits of a dispute on the basis of ex parte evidence. It's going to depend on the showing in the particular case and the materials that are withheld. And so to march through that analysis here, I think it sort of illustrates the problem. Wait, so I understand there's a lot of fact specific arguments that could be made. Do you think just in the abstract, the interest in grand jury secrecy, if we assumed this disclosure would violate the important precept of grand jury secrecy, would you argue that somehow on a lower ranking in the hierarchy than the state secrets privilege, or you would have it instead you'd be making a fact specific argument? So I don't think grand jury secrecy cast as grand jury secrecy is the compelling interest. I think there's a more particularized interest that underlies grand jury secrecy. Douglas oil, I think illustrates this Douglas oil, which was an interpretation of rule six E three little I, which is actually a mechanism for obtaining disclosure of grand jury materials, talks about the particular interests that that are served by grand jury secrecy. And there's three that Douglas oil describes. One is witness intimidation. One is the risk of flight or destruction of evidence by the target. And the third is impugning the reputation of the target. So I think that the way I would think about the problem here is that I accept that the government has a compelling interest in those underlying interests that are served by grand jury secrecy. And I think then the question becomes whether the particular materials that are being withheld are actually necessary to be withheld in order to serve that interest. I actually think that's the same way that Douglas oil, although I think there's some differences between the tests. I think that's the same way that Douglas oil is telling courts to think about the problem of whether or not to avoid injustice. You should disclose grand jury materials under six E three little I, which is to look at the interests of the party who is losing access to the materials and to then think about the government's particular interest in those or the grand jury particular interests in those materials as set forth in Douglas oil and to then weigh them. Now, what I think is illustrative about the case law around six E three E little I, maybe I screwed that up, but is that the kind of case we have here is actually the paradigmatic case for disclosure under that provision, which is where one party has the materials and the other one does not. And so that we cited two examples of this in our briefs where it actually was reversed. A criminal defendant had the materials because they've been through the criminal process and a civil division of the government did not. And the civil division of the government was saying, we need to access these materials. It's not fair for this case to be adjudicated where one party has access to them and the other does not. And in that circumstance, the court order disclosure of the materials. And so I think that the kind of problem we have in this case, which in which case is that. So the in-ring grand jury proceedings. Seventy six dash four. That's eight hundred second. Twelve. Ninety three. If from the Fourth Circuit is the is a case and we say another in the I think the other we say it was in the DDC for 30 F's up six thirty nine. So those are the examples. I appreciate. I understand that position. Want to make sure we get the judgment. Let's first amendment question. I should try to say anything on the non First Amendment issues. No, thank you. Let's just be clear up front on one thing characterizes speech interests and informing the subscriber that the subpoena has been issued for them. But, in fact, if you have a First Amendment interest. Wouldn't be limited to that. Your company would have the ability every time one of these subpoenas comes in broadcast on its platform to the world. Today, federal grand jury and whatever city issued subpoena for this hypothesize a senator from the fifty second state. To the senator. Next day, the senators. Senator staff members by name. The neighbors. The best buddy. Senator from the fifty third state got one. That's your First Amendment, right? So, we are dealing here with advertise all of these to the world. Not just talking. It's nice to talk about telling subscriber. All right. Remember, right? Is a prior state would be to tell anybody. Well, everybody, I do. I do think that the nondisclosure is a prior restraint. It's also a content based virus. Am I wrong in saying that your First Amendment claim would be to tell the world about every single grand jury subpoena you receive. I'm not saying you wouldn't make that judgment. Yeah, I think I do think that we would have a First Amendment right that would be intruded whenever we are whenever a prior strain is opposed. And then it may be that strict scrutiny could be satisfied in many of those circumstances. I think that twenty seven or five B is an attempt to by Congress to implement giving your arguments about the lack of a real interest in keeping this confidential. Well, I don't. I am able to tell everybody. I don't think that's certainly not our position. Your honor, the twenty seven or five B factors, I think, are demanding, but they can be satisfied. And those factors are about particular types of intrusions on the ability of the government to carry out an investigation. And our position is not free speech. Well, it's not often that the people who want to engage in free speech are willing to concede that strict scrutiny will prevent them from doing it. I mean, maybe this will be the argue against in those cases. You will say we have a right to do it. And the statute hasn't been met. And so we get to do it. Well, I don't I can't prejudge a full time job for your legal team. You have to do it in every single case. I can't I can't prejudge how the facts of a particular case will come out. But I do think we read twenty seven or five B and the particular statutory factors. The twenty seven or five B is laying out as an attempt to actually implement the First Amendment concerns that are implicated by imposing a content based prior restraint. I thought you had a facial in the district court, a facial First Amendment claim. The statute, is that incorrect? Correct. Maybe I'm. Well, I don't want I don't want to I don't want to dance around what what is facial or what is as applied. But our challenge in this case has always been that the nondisclosure in this case that was imposed on X both violates the statute and that it violates the First Amendment. Now, that doesn't mean that the government couldn't satisfy the First Amendment. This court held in the prior case that a particular nondisclosure order. And you're just in. What is it that we're supposed to say violates the First Amendment? I had thought it was an attack on this statute. I could be wrong. So now you're telling me it's an attack on this particular nondisclosure order is violating the First Amendment. Is it is your is your First Amendment argument now confined because you did not make that argument in district court because you couldn't have. So is your argument now confined to and you couldn't have made it in your opening break. You didn't get the disclosure. So is it now confined to this particular nondisclosure order violates the First Amendment? I believe it's always been confined to this particular nondisclosure. You didn't know what it said before. That's correct. We were able to to surmise that the government had attained an order that had the features that we now learn is the case. And we and we directed our argument throughout the litigation to the an order where the assessment of the statutory factor would not be made by the court. And where the particular legal process had not been presented to the court. And that is the net. That is the substance of our of our First Amendment argument. We do think that the argument we've made to the court here is that in order this order on pages one and two of the supplemental appendix can't satisfy the First Amendment. Strict scrutiny under the First Amendment for two reasons. One is that the causal link that strict scrutiny requires be established can't be established when the assessment is being made in the abstract of this sort. But two and maybe even more powerfully, this is by definition not narrowly tailored because there is by definition a more narrowly tailored order that the government could have obtained, which would be an order that is limited to one particular subpoena as opposed to. Do you agree that if the government makes the statutorily required showing. To a court and the court, the court finds that statutory showing has been met. In the individual case, you have no First Amendment claim, no prior restraint claim. I'm reluctant to to to make a commitment about a hypothetical case with respect to the company's personal rights. But I but I think that if the court has as a general matter, if the court has assessed particular legal process and made the judgment that twenty seven oh five B requires and imposed it for a sufficiently short period of time that that we still have a First Amendment claim. But I think strict scrutiny would ordinarily be satisfied in those circumstances. So you don't want to lose the right here. And this may be my misunderstanding. It seems to be a bit of a moving target here. I thought your first response to me was, oh, no, no, no. It's not a First Amendment problem if the statutory factors are met. But now you're saying even if it's not an omnibus order, a single subpoena on disclosure order attached, the court makes check statutory binding boxes, one, two, three or four of them, imposes it for a limit of a year or six months. Do you still have a First Amendment prior restraint argument or not? Well, I'm sorry. I'm sorry if I'm being confused. The first one doesn't go away. We still have a First Amendment right. It's still a prior restraint. Our First Amendment rights are still being treated on, but. It may well be justified under the circumstances that the First Amendment, you're not willing to say that I thought your first answer was that these factors were meant to address the First Amendment, but now you're saying they may not. In every individual case where there's going to be an individual nondisclosure order to the court, the court has to both decide. So this is now and we're going to have and our magistrate judges are going to be doing this 800 times a day. They're going to have to both decide the statutory factors are met and under your theory, your legal approach that it satisfies strict scrutiny. I just want to make sure what your position is. It is a prior restraint. It is a content answer. Yes or no to my question of those findings will have to be made in each case in the mind. Well, the statutory factors need to be found in the minor of cases. The statutory factors will satisfy the First Amendment. I cannot. I know what mine order means. It's a district court. The district court doesn't have to do it in front of it. They can say this. No, I do think the district. I absolutely. Why isn't the court found a court that's taken an oath to uphold the Constitution would seem to me if you're saying it's a prior restraint and they have to both apply the statute and the constitutional test every single time to get an application. I do think that's the case, Your Honor. I do think that's the point. I think that that's the purpose of the statute is to implement the First Amendment concern there. But I do. But I absolutely believe that before a court imposes a content based prior restraint, that it should do so in in in appreciation of the serious infusion of application of constitutional analysis in every case. And then my second question then is you have asserted, and I know we assumed this in a prior case, so it's a perfectly fine assertion on your part. Strict scrutiny applies. I'm having difficulty understanding why that would be true under Reinhart. We have a case, FEC versus International Funding Institute. There's other cases where this is the fact of the subpoenas. I don't know if we can call it government speech given the nature of a grand jury, but it is not this is not your own originated information. You essentially want to take information. It's almost like the discovery cases, right? You want to take like in Reinhart. You want to take information that you have learned from the government and broadcast it out and as a commercial business. What is your best case that strict scrutiny applies in that context? Well, this court certainly assumed that strict scrutiny applies. I think the Reid case from the Supreme Court sets forth the test for content based restrictions and asks, is the restriction turn on the content of the speech? The regulated industry and party regulations is participation in the statutory schemes, regulatory schemes like this, and the information, you have to be the conduit for the government. All I've said is you would not know this information otherwise. What the government has said, well, when we necessarily have to share this information with you, it has to be done under confidentiality rules. We argue about the statute and confidentiality rules, but we assume they're met. That is merits strict scrutiny. Your Honor, we are not a regulated institution in any way that that term has ever been used. We are a convenient source of information for the government. But when we talk about regulated institutions, we're talking about banks that are subject to an entire regulatory regime. We're not talking about an entity that happens to have a large amount of information the government is interested in, and that because the government is interested in that information, that alone, because the SOAR Communications Act, this provision of it, is setting up a regime to gain information from the company. Now, Your Honor mentioned the Reinhart case, and I do think there's a very significant difference in that case. In the Reinhart case, the newspaper in that case had used the compulsive force of civil discovery to obtain information, and then having actually used the coercive powers of the court to get information, it then wanted to talk about that information. And that makes no sense, because there's a quid pro quo that if you're going to get the benefit of having used the coercive powers of the court to gain information, if the court then says, if you're going to get that information, it now has to be subject to restrictions. That's very different when, in this circumstance, X has not gained anything from the government. It has simply received... The very piece of information you want to broadcast to the world is something that comes from, and I'm characterizing it as coming from the government. It's not something you've originated or created or your business has generated. There's much information that people learn from the government. That's the very entire point of the First Amendment, is that when parties learn what the government is up to, they have the choice about whether to speak about that. And that is because investigations may be of all stripes and shapes, and there may be serious malfeasance that's reflected in that investigation. Now, X is a steward of its users' information. That is the commitment it makes in its terms of service, but it's also the purpose of the Steward Communications Act. The purpose of the Steward Communications Act was to assign to X and other providers to be reliable stewards of their users' information. To also make it possible, it's not just one way. It's a balanced statute, and it very much wants to make it possible for very important governmental interests, law and order, to be able to get this information. And it's sort of a deal, all right? And we've discussed here what showings have to be made, but Congress's assumption is that when the appropriate statutory showing is made... And this information comes in to you, that you will treat it with confidentiality. If that's the balance, then I don't know how that's a full-throated First Amendment strict scrutiny argument. Well, Your Honor, it is the deal. It is a balance. And the balance that the statute is trying to strike is between not just the providers, but the users having the ability to protect their rights, and at the same time, the government being able to obtain nondisclosure when it's truly necessary. And the way that the statute strikes that balance is that there be judicial assessment of the statutory factors on a subpoena-by-subpoena basis. And I wholly accept that in the minority of cases, that framework will satisfy the First Amendment. I don't think that that means that the providers' First Amendment rights disappear. It simply means that under those circumstances, the compelling interests and the narrow tailoring that the First Amendment demands and that the statute demands have been satisfied. And I think that I can't sign away the idea that there will not be particular cases where the First Amendment balance will strike, will come out differently. Maintaining grand jury secrecy, a compelling interest for strict scrutiny purposes? By itself, no, Your Honor. And it's, in fact, not even what this court said in its decision in our case from the prior term. What the court said is that grand jury secrecy serves compelling interests, not that itself is a compelling interest. And the interests that it serves have to do with concern about witness intimidation or witnesses' willingness to speak candidly. Financial interference within law enforcement investigation, or within investigation. Yeah, I think that it's seriously destroying evidence, intimidating witnesses. It's a fourth category. It's that fourth category, the fourth statutory category. Yes, and it needs to be read in light of the four that come— That compelling interest. As long as it's read in light of the four that come before it and that it is truly a serious jeopardizing of the investigation, yes, if that's not— I mean, you know, providers are not alone in raising these concerns. Congress very recently issued a report saying that the nondisclosure orders have become, quote, a box-checking exercise. I do not think that a box-checking exercise is consistent with the statute or the First Amendment. Congress is concerned they can amend the statute, but I'm not sure what we're supposed to do with that. Well, I think we have to—Your Honor, from the beginning, the Congress enacted the statute that has demanding requirements. It said in its legislative history that it was supposed to apply in a, quote, narrow set of circumstances, and that one of its purposes was to give users confidence that they would have the opportunity to protect their rights. Your Honor, of course, we cannot amend the statute. We're asking the court simply to enforce the statute as it's written, and the nondisclosure order in this case did not do that because, among other things, this is a statute that assigned the responsibility for assessing the statutory factors to the court, and the order that was obtained in this case instead delegated those responsibilities to the government. So, yes, the Act is very concerned about abuse of the nondisclosure process and asks only that the court enforce the statute as it is written, which was not the case here, and that is the concern that we've raised. One more question. You began earlier in your argument listing a number of other statutes that include nondisclosure orders. Is it your position that every one of those statutes also requires, before its issuance, not just statutory compliance, but a strict scrutiny analysis case-by-case basis? I do think that whenever the government imposes a content-based prior restraint on speech, that it has to satisfy strict scrutiny. So I think, as I described with the Wiretap Act, I think that the rationale that undergirds nondisclosure in the Wiretap Act is always… Well, I mean, the Mukasey case from the Second Circuit, I don't think we've cited in this case, but we've cited in prior cases like this court's decision in the practice assumed that strict scrutiny applies in this context. The government has not argued that strict scrutiny does not apply. I'm not familiar with a court not applying strict scrutiny. I'm really just asking the question. There are statutes here that are similar to this and have been in operation for a very long time. Would we be the first court to hold that strict scrutiny? No. So I think the Butterworth decision of the Supreme Court is perhaps close to where you are. In the Butterworth decision, the court struck down a Florida statute which, in the context of a Florida grand jury, not a federal grand jury, prohibited witnesses from being able to speak about information that was on their own knowledge simply because they've been called to testify before the grand jury. And so that's a context where, because of the party's engagement or interaction with a, in that case, Florida grand jury, they were prohibited from speaking about information they already knew, and as a result… Before the grand jury, it was a permanent ban. Justice Scalia wrote quite a different question. It was presented by a witness disclosure of grand jury proceedings, which is knowledge he acquires not on his own, but only by virtue of being made a witness. It discloses those proceedings, right? Not what he knew, right? I mean, Justice Scalia… That's correct, Your Honor. …voiced a very, very distinction that we've been talking about here. He did for himself, but not for the court. Justice Scalia, that case was dealing with the witness's own information and had fully separate and apart from the grand jury proceedings, a permanent ban. I acknowledge, Your Honor, that was presenting a different question, but I think what that case illustrates is the fact that one has engaged with law enforcement in a grand jury investigation and law enforcement has decided that being able to speak about the topic at hand, that is going to trigger strict scrutiny and will raise the same sort of concerns that we've raised here. Now, Your Honor, I cannot point Your Honor to a particular example exactly on point in this case, nor can the government. That's fair. I'm really just asking because there's other statutes here which haven't been briefed to us for obvious reasons. It would be a first for us to hold that strict scrutiny applies to statutory non-disclosure orders in criminal investigatory context. Well, what this court did previously and what the Mukasey court did was to assume… I'm fully aware of what we've done previously. I'm just trying to… I'm not aware. You don't know when… No, I'm not aware. I don't have to cite for the government, for the court, I'm sorry, an example of a court affirmatively holding that strict scrutiny applies in this context. I believe it does for all the reasons we've said, which is that it's a prior restraint. It is content based under all relevant tests. And I think the cases that have been referred to, like the Reinhart case, is wholly distinguishable. Do my colleagues have any other questions? Judge Rogers, any more questions? Thank you. Sorry, we kept you up for a little bit longer. I'm happy to answer the court's questions, and obviously if the court has others, I'd be happy to answer them as well. We're very grateful for your time, and we'll give you some rebuttal time as well if you want to talk more. Your Honor. Government? Okay. Sorry, excuse me, counsel. We're just going to take a quick five-minute break. Is that okay?  Quick five-minute recess. Thank you. The Honorable Court is again in session. Be seated, please. Thank you, Your Honor. Good afternoon, and may it please the Court, Dan Lenners for the United States. If I might briefly touch upon mootness. We did not argue that the arguments raised by Ex Corp were moot because of the high level of generality at which they raised them initially, that no multi-subpoena, multi-provider nondisclosure order can possibly comply with 2705B, and that they are absolutely entitled under due process to access to the ex parte evidence the government provided as part of its application. As this litigation has progressed, those arguments appear to have become more fact-specific. For example, the ex parte argument, at least as I read the reply brief, turned in large part on things that had been made public about the targets of this investigation. That more fact-specific application, in my view, appears to be moot under this Court's precedent in PETA that we cited in our brief. The more that the outcome of the case turns on particular facts, the more likely it is to be moot. And so we don't think that the high-level challenges are moot. They are capable of repetition, yet evading review. But the more fact-specific applications may well be. In terms of the... Which category does your omnibus order in this case fall into, given, as Judge Garcia pointed out earlier, you said it's illustrative. Does that fall into high level? So certainly the question whether the statute categorically prohibits any potential multi-provider, multi-subpoena... No, no, no, no. Try again. Whether it prohibits this illustrative omnibus order. So my understanding is that this order has a lot in common with these orders, but is not identical to all of them. One typical difference is that orders are often limited to nondisclosure of subpoenas that seek information for the particular target's accounts. Whereas this order, as the Court noted, is more broad insofar as it restricts disclosure for any accounts, not just target's accounts. But the other aspects of this order, my understanding, are largely common... Mostly in common with the kinds of orders, at least issued in this jurisdiction, or sought by the government in this jurisdiction. Different in different jurisdictions? I can't speak to that. I just don't know the answer to that. You're saying the typical order, that's this kind of ex ante omnibus order, would be limited to accounts the government believes are associated with identified individuals. But this one is not, and that's the respect in which... That's my understanding, Your Honor. I can't say that every other order is limited to the targets of the investigation. But I think it's more common that they are, and this order doesn't contain that limitation. The other limitations in the order, meaning that they have to be part of this investigation, limited to certain kinds of providers, have to be for grand jury subpoenas, for subscriber information, and that the underlying facts are the same, I think are common across the orders sought by the government. When you say most common, is this a one-off, or is this 20% and 80% or the other way? I don't know, Your Honor. I haven't seen enough... What's most common, then? I think... I mean, I could ask my colleague, but I personally don't have the answer to that. Well, we kind of need to know that to know if there's a real mootness in here. Well, one of the concerns I had is the fact that in this case, the government request was granted by the magistrate judge on the same day as the request was submitted. And certainly, we have had instances of expedited appeals, and I just thought, maybe that's the better way to do this. In terms of, just as you say, the reply brief said a lot of things because information became available to it. Now, an oral argument, you're providing the court with additional information as to why what's in the supplemental appendix may not be illustrative. And to the extent that what the government's interest here is seeking a broader guidance, I'm just wondering what kind of guidance can you get from us other than an advisory opinion where the arguments are going to change, things are going to happen. I'm just very troubled by this. I'm not sure what we are going to say, other than that there's some interesting arguments about how this statute should be interpreted. I certainly think the court could say the statute... I understand that. And it could say, as I understood the argument, that unlike where X started, the statute didn't bar anything other than a very particularized order. And I thought that's what your brief was focusing on. Yes, Your Honor. I think the court could resolve this dispute, which is not moot, which is the question whether 2705B categorically prohibits any multi-provider, multi-subpoena, nondisclosure order. The more fact-specific question as to whether this particular order is lawful, I think the answer that my colleague gave is even he doesn't know how often the orders contain the additional limitation that they're limited to accounts held by the targets of the investigation. Let me ask it this way. Are you able to commit that the government will not again seek a omnibus NDO order that is not limited to identified targets of an investigation? I'm not able to make that commitment, Your Honor. Okay. So I think that's the case we have. And at least it seems to me that it's sufficiently likely to repeat. And it should include that feature of the case. I have no basis to push against that, Your Honor. But I think, for example, on the ex parte nature arguments to the degree they deal with public information or information about the investigation having become public, those likely are moot, that more specific argument rather than the more general due process right to any ex parte evidence. In terms of compliance with the statute, the district court correctly found that nothing... Counsel, could I just, so I'm clear on your position, I understand your answer to Judge Garcia. I thought part of the capable of repetition yet evading review doctrine was a timeliness concern that you couldn't get a decision if there were to be an appeal. And, of course, it's a petition for cert, et cetera. So that I appreciated that, but I wondered sort of what use this is going to be to you. Well, so my understanding of the timeliness question, as this court set forth in the sealed case, is that you have to have review before these orders expire. And by their own terms, they typically expire no later than a year. And in that case, it was 180 days. And because, and this court has said that anything that would become moot in less than two years is capable, it satisfies the evading review aspect of capable of repetition yet evading review. And so because these orders are typically per DOJ guidance, sought for no longer than a year, and oftentimes shorter, we think this is capable of repetition yet evading review. And I'm sorry, the government's not here asking the court to review this and bless this. We actually brought a challenge. We think the order was correctly issued under the statute and that under this court's guidance from sealed case, it's not moot. So we think the court should rule in the government's favor because we think the district court correctly found that nothing in the statute. Well, I understood it. Yeah. Okay. Okay. I won't take up any more time. Get us started on the statutory authority question. Can I just direct you to at least one of the things that seems odd here is that on supplemental appendix two, it's the provision that your opposing counsel highlight. It requires the government to check whether disclosure of the existence of the subpoena would result in one of the listed harms. And if your position is the court made that determination for all potential hypothetical future subpoenas, I think the question is, why is that there? So, well, I'm not sure why it's there. I think the important language from that provision is the first sentence, which is that the facts proffered in the government's application for this omnibus order must apply to each and every subpoena to which the order is attached. And so our view is that the court found. And who checks that the facts in the application apply to each and every subpoena to which the order is attached is not the court. Correct. It's the government. But that's not a legal determination. It's a factual determination. So the court has found that facts A, B and C are true today. And most often one of those facts is going to be that the target is unaware of the government's investigation. And the court says if those facts remain true, the government may attach the nondisclosure order to subpoenas meeting these criteria. And so the court has made the determination that under facts A, B and C, which continue to exist as the government evaluates them. That seems to be the whole nub of the case, right? The judge does not know and cannot determine that those facts will continue to exist. That's why the last provision is here. I, the magistrate judge, have no idea whether whenever you decide to pursue a subpoena, the target will know about the investigation. So you, government, check. And I guess the concern is that seems directly contrary to the statute. Because it's the government making that determination. It's not the court. So I think it's a different determination. The court has to find that under the world of facts, that there is a reason to believe that notification of the existence of the subpoena will result in a statutory harm. So the court is the one who says, yes, if facts A, B and C are true, the statutory harm will result. The government isn't making the determination that a statutory harm will result. That's for the court. It's simply making the determination that the world of facts described in its application that were true at the time the court entered its order remain true. And again, typically one of those facts is that the target doesn't, is unaware of the investigation. And so the court, the government's not making a legal conclusion that the target's unawareness will lead to a statutory harm. The court has made that determination. The government's just looking out at what it knows about the real world and the facts that exist in the real world. When the statute, I guess the difficulty I have with that, when the statute says the court has to find reason to believe, for example, destruction of evidence will result. That's a legal question. Sure. It's a factual question. The court checks whether the facts are true. And as you're laying it out, this order delegates, outsources to the executive branch, the power to decide if the facts remain true. And the facts, again, the facts are that the facts remain true is an essential part of the determination of statute requires, isn't it? I don't think so, Your Honor. The court doesn't evaluate whether the facts are true. The government profits facts. There's no independent investigation as to whether this remains true. The government proffers that these things are true and that based on that, the court concludes that applying that factual world that a statutory harm is likely or will result from notification. And so the government's not making a legal conclusion about whether these facts add up to the requisite harm. They're simply evaluating whether these facts remain true. And I don't think that's what I don't think that replaces the role of the judge as set forth by the statute. So I appreciate that argument. The other aspect of it that opposing counsel emphasized, as I already noted, is the breadth. And so the idea that this is just limited to anything the government later deems relevant to the investigation, which I think you've acknowledged could mean different people in different circumstances. And that would seem to be an even more sort of hypothetical determination. The magistrate judge doesn't know who the future targets could be. And so it can't tell whether disclosure to those people would jeopardize the investigation. So, you know, as again, I think that would be that is a limitation that could be put in to these orders to say the targets at this time are person A and B and only subpoena seeking their accounts meet the statutory criteria that the court may find that that's necessary for a future looking order. Do you have an argument that it's not necessary since this order doesn't have it? I think it's the same concern that regardless of who is notified of the existence of the subpoena, a court could find that that will lead to a statutory harm. So they don't have to evaluate whose account is being subpoenaed because if that person is notified, then the targets could find out and it could lead to the right. So I don't want to be argumentative about it, but it is right. The court could find. Right. But the whole problem with there not being a limit to the targets is that it could just be a subpoena to someone who the government believes has information. They have no idea. They have no connection to the two targets. There's no basis to believe they if I get, you know, a subpoena. I have no idea. It's about these inquiry into these two people and that I'm going to tell them. And this order. I hypothesis, at least the magistrate judge has somehow determined that anyone in my situation or any of the other situations would somehow have a risk of either deleting their own evidence or notifying the targets of the investigation. It just seems like we're in a I actually don't think the magistrate judge would would have any belief that they were making that determination in this case. Well, certainly, certainly, if certainly in that situation, if export, for example, is not limited by a nondisclosure order, they aren't just limited to notifying recipients of the subpoena. But as judge put out, they could just publish it on their website. We received these subpoenas for these. And so a court could make the requisite finding that a savvy target who's aware of that happening would be kicked off and destroy evidence. Again, if the court's going to rule that these are consistent with 2705 be so long as they are limited to the targets of the investigation that I don't think would be require significant change from what I understand to be the government's most common practice in this jurisdiction. And I think most often these orders are issued when there are, in fact, sort of large groups of targets who are creating many, many accounts. And thus the efficiencies in and the time consumed in going back to the court every time you find a new account are sufficient that the government wants an order that allows it to issue the same nondisclosure order to once a new account is discovered. Can you just help us understand what kind of burden that actually is? As judge Rogers noted, I mean, this order was entered the same day that it was requested. How much and I think X can see is you could do it in batches can come forward with the 30 subpoenas you've decided to issue every two weeks and get your NDO. You just can't do it two weeks in advance. My understanding is that there are cases in which it's a significant burden where you're talking about, say, hypothetically, a group of 15 hackers who are setting up dozens or hundreds of accounts and that the government is sort of trying to move rapidly and identifying these accounts and who they belong to. And that's all they're doing here. All they're doing is getting subscriber information. And so the speed at which the government's discovering new accounts and the number of accounts would require quite an administrative burden, both on the government and the court for the government to go back and reapply for a nondisclosure order every time it finds a new account. You still have to do the subpoena if you get a subpoena in each and every one of those cases. And presumably that's going to make some showing to the grand jury and or a judge if you want it enforced. And so you're already having to make the subpoena showing. And then, you know, this is a computer age, right? Most of this nondisclosure order is not going to change, but you will have the obligation to go to update, you know, who and why you're going after this. So that it merits the exception of nondisclosure. Nondisclosure is the exception under the statute. Nondisclosure is the exception under the statute, Your Honor, but I don't want to minimize the burden. Is it not possible to group them, as Judge Garcia was suggesting? It's certainly possible to group them. And I think that's... If nothing would stop you from having here a thousand accounts that have been identified as potentially related to X's, sorry I shouldn't use X here, Y person's conduct. And that person is unaware of the investigation and nothing else. You just have to, is still unaware of the investigation to our knowledge. That's all you have to add. It's certainly true that the government could group them. And I think X's concession that that would be permissible in its reply brief is not entirely consistent with its argument at the outset that the statute is language. The argument has evolved, but that's because the government sort of, you know, threw a whole new information into the case at the appellee brief stage of this case. So, you know, it's fair for them to clarify and evolve their position. But the position that we are now, the question we are now dealing with, I still am having a little trouble understanding the computer era, why the government can't group these together. Because presumably it's not doing one, you know, it just discovers something new every hour. It could just, here's today, here's what we've got today, let's send it in. Make sure we have that staff. I want to be clear. The government can group them. Yes, that is that is a possibility. We don't think the statute requires it is feasible. And it adds a minor standing is as an appellate attorney who doesn't file a non negligible administrative burden on both the government and the courts to get a multi subpoena, multi provider, non disclosure order that applies to a discrete set of facts and a discrete set of subpoenas. So the most you can saying is it's a non negligible burden. That's the most I can say. Yes. But, but again, we don't think that burden the statutory, whether these complex, the statute turns on the nature of the burden. It's certainly whether it's permissible under the statute doing this for the courts to help the court with its administrative tasks and to avoid burden by the government is why the government started. Well, but if the statutory determination, which is to be made by the court that harm will occur. It's not being made and we're not being made in this order. This order says the government must decide that the harm will will happen. Factual. I mean, it's legal. It's just listing the statutory types of harm that can be there. That's all that this order does. And then says the government must decide that harm will occur as to the subpoena and the statute says the court will decide that question. So, I think, I think there is such a sufficiency. There's, there is a material. This is just what judge was raising with you. There's a material change in how the process is working under the statute. If the judge had found up front that this will apply, my findings of harm will apply. Subpoenas issued by this grand jury under X, Y, and Z circumstances. That would be a different case. We don't have a will finding by the magistrate judge. I disagree that this order doesn't comply with the act for the reasons I stated to judge Garcia. The magistrate found that facts A, B, and C were true. And that based on those facts, it had a reason to believe that notification will result in a statutory harm. Where did it say it had a reason to believe that statutory harm will occur for every ensuing subpoena for the next year? That's the required statutory finding. Tell me what language you're finding that in. It's a Rule 27 of 5B. I'm sorry, where are you finding it in this order? I apologize, in this order. The court may only issue this order. And it says in the second sentence, having carefully considered the application, the court finds reasonable. I'm sorry, the first paragraph, second sentence. Having carefully considered the application, the court finds reasonable grounds to believe that disclosure of such subpoenas will result in flight, destruction, or tampering with evidence, intimidation of witnesses, and serious jeopardy. Is it talking about in that time or is it talking about it? It's just there's a confusion between that will and then the government must in paragraph five. What are we supposed to do about that? So the application set forth the world of facts that are ex parte, that the government proffered to establish that there is a reason to believe that disclosure of this category of subpoenas will result in a statutorily enumerated harm. My understanding of paragraph five is that requires that those facts remain true at any time the government uses this nondisclosure order. The government has to determine that, so the magistrate judge, she was not predetermining that that would be true in every situation. Correct.  That's a shift from the statute, which requires the court to find that it will happen for each subpoena. So, I think the court has actually hear about the difference, the gap between the two. And I don't see the gap. The court has found that facts A, B, and C are true. And based on those facts, a statutorily enumerated harm will result. And if facts A, B, and C are true on December 20th, the government should remain true on December 21st. I don't see any reason why the statute would require the government to go back for a new application or on January 1st. November 18th of the next year, they're still true? Particularly, yes. If those facts, for example, as the justice manual points out, the most typical fact for this kind of subpoena is that the target is unaware of the existence of the government's investigation. And the court could certainly find that if once this target comes out, whenever that is, that target is likely to destroy evidence or intimidate witnesses. And so, if that fact remains true, then that the target doesn't know, then a statutory harm is likely to result by the target being informed by an electronic communication service provider. But if the government... You would agree that if the person finds out in the ordinary case, the person learns about the investigation before the subpoena is issued, and at the time the subpoena issues, there's no reason to believe that disclosure of the subpoena would lead to these listed harms. I think that's the concession. I think that's often but not always true. Certainly, a person can understand that they're under investigation for A, B, and C, and think the government doesn't know about their secret email account under an alias that they're using to intimidate witnesses. And so, that would be a fact-specific determination. But it's certainly a fact that if it changes and the government still thinks that disclosure would result in a harm, it would have to go back to the magistrate judge if that fact, for example, is set forth in the application. That's a factual change. And the government may still think that the legal test is met, but it would have to, under this order, go back to the magistrate to get a new non-disclosure order. Why would it? Because the magistrate judge allows the government to decide that there's still a risk, a statutory risk of harm. That is part of the order, but I think the important part of the order is the first sentence of Paragraph 5, which is that the facts proffered apply to each and every subpoena. So, that's not that the legal conclusion applies. It is that the facts are set forth and the government's application remain true today. I'm happy to talk about the government's use of ex parte materials. For the First Amendment, Judge Millett, to answer a question you have for my opposing counsel, the Third Circuit, in in re subpoena in 2020, did apply strict scrutiny to non-disclosure orders issued under 2705B. Did it hold that that's what the law requires, or it just assumed? It held that, Your Honor. The government argued that a lesser form of scrutiny applied, and the court rejected that argument. Oh, and then just another, I guess, hanging fruit. Your Honor asked about whether 2705B only applies to grand jury subpoenas. The answer to that is no. 2705A talks about delayed notification and speaks in terms of a governmental entity and where an administrative subpoena authorized by a federal or state statute is obtained. And then B says when it is a governmental entity acting, when it is not required to notify the subscriber or customer under section 2703B1, or to the extent that it may delay such notice pursuant to subsection A. So, I think taken together, it makes clear that the government may seek a non-disclosure order under 2705B when, for example, it issues an administrative subpoena under that for which it would have to be able to delay notification under 2705A. So, these apply to civil as well as criminal subpoenas? I'm sure they mean by administrative here. So, I don't know the answer to that. Just looking at the statute, it speaks of a governmental entity and an administrative subpoena. I suspect that means civil subpoenas, but I don't know enough about how that, I don't practice with the statute. So, I don't know the answer to that. Just one question on the First Amendment. I think X on the narrow tailoring argument essentially says it can't be narrowly tailored because there's a less restrictive alternative. You could wait until you have the specific subpoena and the actual current facts and have that adjudicated. And that's just less of an ex ante restriction on speech than the case-by-case approach. And I'm not, what is your response to that in terms of the First Amendment? So, I think I have two responses. The first is that, as this court made clear in the Shield case last year, First Amendment requires narrow tailoring, not perfect tailoring. And the second is that, regardless of any of that, the subpoena that's ultimately, the nondisclosure order that's ultimately issued to each provider restricts the same narrow slice of speech, which is the ability to inform the subscriber or anyone else about the existence of the subpoena, which is information they only learned as a result of being a grand jury witness. They are limited in time duration, and X remains free to speak about anything else, X or any other provider. And so the reasons that this court found last year that narrow tailoring satisfies a single nondisclosure order. The omnibus order has no effect until it's attached. Until it's attached, and the effect on speech, yes, and the effect on speech for any given provider is exactly the same. Are these subpoenas just issued directly by the grand jury, or do they go through a court? I believe the subpoenas themselves are issued directly by the grand jury, Your Honor. And their standard is what for subpoena? I don't know if there's any legal standard applicable to a grand jury subpoena, but I don't know the answer to that question. So that's hard. I mean, it's just, it's hard to know in advance on what on earth the grand jury is going to be. I mean, it's a pretty low standard, as I recall. So, you know, the sweep of things that a grand jury could issue a subpoena for is very hard to anticipate six months or a year in advance. If you don't have a sense of the sweep, how can you have a sense that these harms will continue to occur? How far reaching the subpoenas are going to be? Well, so I disagree that you don't have a sense of the sweep. The order under which the government attaches the non-delegation order requires it to be part of this specific investigation to a provider as defined by statute, only seek subscriber information. So that in and of itself is a significant narrowing of the sweep of any grand jury subpoena issued within a year. And then the underlying facts have to be the same. And so as the district court found and the government argued below, the only difference between these subpoenas is the specific accounts which it applies, Gmail account X versus Gmail account Y or Twitter account X versus Twitter account Y. Otherwise, they are identical. The relevant facts about risk, I think, are what the concern is here. I understand that. And we think that order appropriately accounts for that by requiring the underlying facts remain true at the time the government uses the non-delegation. Roger, do you have more questions?  I guess not. Thank you very much, Benson. Thank you. Okay. Mr. Holzblatt, we'll give you three minutes. Turn it into an hour again. I will only go as long as the court wants me to. Just a couple of small points, Your Honor. The first is that I want to address the language of the delegation order that we've been discussing. As Judge Garcia, as you mentioned, I honestly don't know how the magistrate could possibly have made the determination that my friend highlighted in the second sentence. On page one, because this was not limited only to targets. It wasn't, you know, the opposing counsel said this is just all that's changed, the account identifier. Well, that's a big deal if we're talking about the target versus someone who's not the target. And it's just inconceivable to me how you could make the kind of judgment that the statute requires with respect to the wide swath of subpoenas that are covered by this, let alone the timeframe that's covered. The second is on the first sentence in paragraph five on page two. I'm not clear on that argument. Just tell me here. I mean, the government could have submitted volumes to the magistrate judge describing things. I'm obviously at a massive disadvantage, which is our other argument, because I don't know what was in the application. No, I know, but the fact is so, I just need to be clear. I mean, a lot of things we don't know, but there's nothing that says that the government is limited to four pages of description. That's all I'm getting at. Absolutely, Your Honor. Well, I guess my point is that as the breadth of the order expands, the permutations that would be necessary to make any kind of reliable judgment expand massively. And I think that if you're saying here's my Gmail account and my X account, then you're talking about accounts that I own, both of them, and all we're talking about is a different provider. And if it's the same day, then you can imagine that the factual judgment on the exact same day with respect to the exact same account owner, and it just happens to be two different platforms, that's a judgment that is coherent to me. If we're now talking about potentially a large number of individuals, some of whom are targets, some of whom are not targets, we're talking about lots of different platforms, and we're talking about an entire year where the subpoena might be served, the permutations of change rapidly increase. And I think that's the judgment that I just think is not the kind of judgment the statute demands could be made with respect to that volume of permutations. I guess what I'm pressing you on is sort of there was a 20th century view of law enforcement, and now it's changed in the 21st century. Because the world has changed, and prosecuting has necessarily changed in response to the challenges faced by the computerized world. Absolutely, Your Honor. And Congress struck a particular balance when it enacted the statute that was designed to protect the rights of the providers and the users, while also enabling the government to carry out, to obtain nondisclosure when it was necessary. But I thought the balance was, yes, but it's having the court make this decision. And sometimes that decision will favor your client, and sometimes it may not. The key is the court... ...that my rights were properly balanced. That's all I'm getting. I 100% agree, Your Honor. The court needs to make that judgment. That's the problem in this case, is that the way this order was set up, the court wasn't doing that. But one of the big things that has changed since the 1980s when the statute was enacted is that maybe there are a larger volume of accounts. I heard my friend say there was a non-negligible burden, which frankly doesn't sound like a huge amount of burden. And I do want to point one thing out, which I actually view that as a feature, not a bug, of the statute. There is a need to balance very important interests here, the interests of the users and the provider on the one hand, and the government on the other. And the friction, the little bit of friction that having to come back to the court, you can do it in batches, actually makes sure that the balance has been properly struck. I've used the court's time, so there were a couple other points, but really it's the court's time. So if the court has other questions, I want to make sure to answer them. Any more questions, Judge Rogers? No, thank you. I'll give you a minute to wrap up, just maybe to squeeze many other points in if you wish to. You've dominated your time. Thank you, Your Honor. The only last point I want to make is with respect to paragraph 5 on page 2, I don't know what the facts were proffered in the government's application. My friend said typically, so you don't know if that's even true here, because he used the word typically. But there's very few facts that are listed in this paragraph. If there were facts that were important, I would have expected to see them here, and I don't. And really the most important thing that's listed here is the statutory factors that need to be satisfied. The last thing I want to say, and I'll close here, Your Honor, is that X takes its users' privacy and its users' rights incredibly seriously. There was some hypothetical mention about hosting everything online and blaring it to all the world. We know that's not true. It wasn't true in this particular case. What X, in the vast majority of circumstances, merely wants to do is inform its users privately that their interests might be implicated so that those users can decide for themselves what to do about it. And that's all we seek to do here, to be a reliable steward of our users' information. If the court has no further questions, I appreciate the court's time. Thank you very much. Thanks to counsel on both sides for your argument. The case is submitted.
judges: Millett; Garcia; Rogers